IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00301-MSK-MEH

BELL COLORADO, LIMITED, a corporation organized under the laws of the Isle of Man,

    Plaintiff,

v.

RELATED WESTPAC, LLC, a Delaware limited liability company,
BRUSH CREEK ESTATES, LLC, a Colorado limited liability company,
BRUSH CREEK CAPITAL HOLDINGS, a Colorado limited liability company,
BRUSH CREEK MEZZANINE, LLC, a Delaware limited liability company,
YORKSHIRE 216 HOLDINGS, L.P., an Arizona limited partnership,
BASE VILLAGE SNOWMASS CENTER ASSOCIATES, LLC, a Colorado limited liability company,
PATRICK N. SMITH, a resident of the State of Colorado in his individual and representative capacities, and
TOWN OF SNOWMASS VILLAGE, a Colorado municipality,

    Defendants.

## RECOMMENDATION FOR ENTRY OF DEFAULT

**Michael E. Hegarty, United States Magistrate Judge.**

At the Scheduling Conference held July 2, 2009, counsel for Plaintiff explained that although Defendant Town of Snowmass Village had waived service on March 16, 2009, it had not yet answered or otherwise responded to Plaintiff's complaint, nor did it appear at the July 2, 2009 Scheduling Conference. At that time, the record did not reflect service on the Town of Snowmass Village. Later that day, counsel for Plaintiff then filed the Waiver of Service returned executed, indicating the Town of Snowmass Village waived service on March 16, 2009, and setting the answer due date at May 17, 2009. (Dockets #34, 37.) As Defendant Town of Snowmass Village failed to

timely file a pleading or otherwise defend, the Court RECOMMENDS the Clerk of Court enter default against Defendant Town of Snowmass Village pursuant to Fed. R. Civ. P. 55(a).[1]

Dated at Denver, Colorado, this 7th day of July, 2009.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).