IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-00301-MSK-MEH

BELL COLORADO, LIMITED, a corporation organized under the laws of the Isle of Man,

    Plaintiff,

v.

RELATED WESTPAC, LLC, a Delaware limited liability company;
BRUSH CREEK ESTATES, LLC, a Colorado limited liability company;
BRUSH CREEK MEZZANINE, LLC, a Delaware limited liability company;
YORKSHIRE 216 HOLDINGS, L.P., an Arizona limited partnership;
BASE VILLAGE SNOWMASS CENTER ASSOCIATES, LLC, a Colorado limited liability company;
PATRICK N. SMITH, a resident of the States of Colorado in his individual and representative capacities; and
TOWN OF SNOWMASS VILLAGE, a Colorado municipality;
BRUSH CREEK CAPITAL HOLDINGS, LLC, a Colorado limited liability company;
BRUSH CREEK CAPITAL HOLDINGS, LLC a Delaware limited liability company;
PS CALIFORNIA INVESTMENTS, LLC, a California limited liability company,

    Defendants.

and

PATRICK N. SMITH, a resident of the State of Colorado in his individual and representative capacities,

    Third-Party Plaintiff,

vs.

GARY GREENBERG,
JEFFREY SCOTT KLEIN, and
GARY PINKSTON,

    Third-party Defendants.

---

**OPINION AND ORDER GRANTING MOTION TO RECONSIDER
AND DISMISSING ALL THIRD-PARTY CLAIMS**

**THIS MATTER** comes before the Court on Third-Party Plaintiff Patrick N. Smith's Motion to Reopen Case as to Third-Party Claims Against Third-Party Defendants Pinkston and Greenberg **(#154)**, to which Mr. Pinkston and Mr. Greenberg responded **(#156)**.

## BACKGROUND

This action relates to a sale of a certain parcel of land in Snowmass, Colorado. The dispute arises from Plaintiff Bell Colorado, Limited ("Bell Colorado") investment with certain Defendant companies based upon representations as to the development of the parcel including transfers of ownership, time-lines, etc. When Bell Colorado's expectations were not satisfied, it initiated this action against the relevant property owners and development companies and the principal/owner of such companies, Patrick N. Smith. Bell Colorado invoked the Court's jurisdiction based solely under 28 U.S.C. § 1332.

In turn, Mr. Smith asserted third-party claims pursuant to Fed. R. Civ. P. 14 against Gary Greenberg, Jeffrey Scott Klein, and Gary Pinkson in which he asserted that if he was found liable, they were jointly and severally liable because they prepared the documents that Bell Colorado relied upon. Jurisdiction over these claims was premised solely upon 28 U.S.C. §1367.

On July 1, 2010, the Court held a Rule 16 conference **(#152)**. The parties represented that they had resolved all of the claims brought by Bell Colorado. A stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a) was subsequently filed, and these claims were dismissed.

Given the settlement of the initial claims, the Court inquired as to the status of the third-party claims asserted by Mr. Smith. The parties stated that these remained unresolved and likely would proceed to trial. They also advised the Court that Mr. Klein had filed for bankruptcy

protection.

Because the third-party claims were asserted against Mr. Klein, Mr. Pinkston and Mr. Greenberg jointly and severally, the Court asked whether Mr. Klein's bankruptcy affected their prosecution. The Court also observed that there appeared to be no independent jurisdictional basis to proceed with the third-party claims in federal court.

Recognizing that at the time of the hearing the parties were not prepared to address either the effect of the bankruptcy nor a justification for proceeding on the third-party claims, the Court ordered that the case be closed, but stayed the effect of the order for fourteen days to allow the parties to seek reconsideration upon a showing of subject matter jurisdiction or a rationale for exercise of supplemental jurisdiction over the third-party claims.

Within the specified period, Mr. Smith filed the instant motion to reopen the case[1] **(#154)**. He desires to pursue third-party claims against Mr. Pinkston and Mr. Greenberg, despite Mr. Klein's pending bankruptcy case.[2] Mr. Smith contends that the Court should exercise its discretion to retain jurisdiction over the case under 28 U.S.C. § 1367 because the claims have been pending for some time and discovery has been completed. Alternatively, he asserts that because Mr. Pinkston has stated that he has homes in Hawaii and California, there is a

---

[1] Because the instant motion was timely filed, the case was never closed. Therefore, the Court treats it as a motion to reconsider the order closing the case.

[2] Although he does not seek to pursue his claims against Mr. Klein at this juncture, he indicates his intention to do so in the event that Mr. Klein's bankruptcy case is concluded or the automatic stay is lifted. He asserts that he has found no case law that precludes assertion of a contribution claim against the co-tortfeasors of a debtor who has sought bankruptcy relief. Because the record is unclear as to the type and status of the bankruptcy case and neither Mr. Pinkston nor Mr. Greenberg seek the protection of an automatic stay based on Mr. Klein's bankruptcy, the Court need not address this issue.

reasonable inference that Mr. Pinkston is a resident of Hawaii and, therefore, diversity jurisdiction exists because Mr. Smith is a resident of California and Mr. Greenberg is a resident of Colorado.

Mr. Greenberg and Mr. Pinkston oppose the request. They contend that no diversity jurisdiction exists and that this Court should decline to continue to exercise supplemental jurisdiction. They also contend that the third-party complaint does not comply with Fed. R. Civ. P. 9, which requires a fraud claim be stated with particularity, and that the contribution claims against them are not cognizable because contribution is not available for intentional torts such as fraud.

## ANALYSIS

The Court begins with issues it need not address - the sufficiency of the third-party complaint and the viability of contribution claims. These are issues best addressed in the context of a motion to dismiss and do not impact the determination of the pending motion.

The pending motion seeks reconsideration of the Court's determination to close the case. Reconsideration is appropriate because the motion asserts that the Court should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to determine the third-party claims.

Federal district courts are courts of limited jurisdiction. When a court has appropriate subject matter jurisdiction over a plaintiff's claim, 28 U.S.C. § 1367(a) authorizes it to exercise supplemental jurisdiction over other claims for which it lacks subject matter jurisdiction if such claims are sufficiently related to a claim over which it has jurisdiction. Subsection 1367(b) precludes a court from extending supplemental jurisdiction in a diversity action to claims brought by a plaintiff against persons made parties under Fed. R. Civ. P. 14, 19, 20, or 24 or

persons proposed to be joined as plaintiffs or intervene as plaintiffs under Rules 19 and 24, if exercising supplemental jurisdiction over such claims would be inconsistent with the statutory requirements of diversity jurisdiction under 28 U.S.C. § 1332.  In addition, subsection 1367(c) provides that a court may decline to exercise supplemental jurisdiction if all claims over which it had original jurisdiction have been dismissed.[3]

Contrary to the Third-Party Defendants' contention, the exception of 28 U.S.C. 1367(b) does not preclude the court from exercising supplemental jurisdiction over the third-party claims.

---

[3] In relevant part, the text of 28 U.S.C. § 1367 provides:
(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

(b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title [28 USCS § 1332], the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332 [28 USCS § 1332].

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
   (1) the claim raises a novel or complex issue of State law,
   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
   (3) the district court has dismissed all claims over which it has original jurisdiction, or
   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Such exception applies only if the subject claims are brought by the plaintiff. Here they were asserted by a defendant, Mr. Smith. *See* 28 U.S.C. § 1367(b); *Price v. Wolford*, 608 F.3d 698, 703 (10th Cir. 2010); *Rosario Ortega v. Star-Kist Foods, Inc.*, 370 F.3d 124, 133 (1st Cir. 2004), *reversed on other grounds in Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).

However, this Court declines to exercise supplemental jurisdiction over Mr. Smith's third-party claims against Mr. Pinkston and Mr. Greenberg for two reasons. First, there is no basis for original jurisdiction. There is no dispute in this case that the Plaintiff's claims were premised upon 28 U.S.C. § 1332, and that such claims have been dismissed. In addition, there has been no showing of facts that would independently establish diversity jurisdiction over the third-party claims. Diversity jurisdiction pursuant to 28 U.S.C. § 1332 requires complete diversity, *i.e.*, there is no plaintiff and no defendant who are citizens of the same state. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). A plaintiff has the burden of establishing, by a preponderance of the evidence, facts sufficient to show that subject matter jurisdiction exists. *See Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994). Here, Mr. Smith merely asserts that Mr. Pinkson *could be* a resident of Hawaii because he has a home there and, therefore, could live there. *See Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006) (holding that citizenship is equivalent to domicile). The fact that Mr. Pinkston has residences in Hawaii and California is insufficient to establish that he is domiciled in Hawaii.

Second, the third-party claims are contribution claims arising from the claims that have been resolved. In essence, they are now independent claims. The fact that discovery has been completed is a benefit for the parties in that it reduces what needs to be investigated prior to a

trial, but it does not weigh in favor of the Court retaining the case for determination. No dispositive determinations have been made by the Court; indeed, briefing of dispositive motions was abated by the parties due to settlement negotiations. No trial has been set. No update as to the bankruptcy of Mr. Klein has been supplied. It may well be that avoidance of multiple actions can be averted when Mr. Klein's bankruptcy has been concluded, dismissed, or the stay lifted.

Upon reconsideration, the Court declines to exercise supplemental jurisdiction over the third-party claims and **DISMISSES** them without prejudice.

**IT IS THEREFORE ORDERED** that

(1)   Third-Party Plaintiff Patrick N. Smith's Motion to Reopen Case as to Third-Party Claims Against Third-Party Defendants Pinkston and Greenberg **(#154)**, construed as a motion for reconsideration, is **GRANTED**.

(2)   The Third-Party Claims are **DISMISSED** for lack of jurisdiction.

(3)   The Clerk of Court is directed to close this case.

Dated this 3rd day of February, 2011

                                         **BY THE COURT:**

                                         *[signature: Marcia S. Krieger]*
                                         _____

                                         Marcia S. Krieger
                                         United States District Judge